A. Eric Bjorgum (SBN 198392)
Marc Karish (SBN 205440)
KARISH & BJORGUM, PC
16 North Marengo St., Suite 307
Pasadena, California 91101
Telephone:   (213) 785-8070
Facsimile:   (213) 995-5010
Eric.bjorgum@kb-ip.com

Attorneys for Plaintiff EDDIE COLLA

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDDIE COLLA,<br><br>            Plaintiff,<br><br>       v.<br><br>ICANVASART; KROTO, INC., dba iCanvasArt, dba iCanvas, an Illinois Corporation; GILT GROUPE, INC., a Delaware Corporation and DOES 1-10, inclusive.<br><br>            Defendants. | Case No. CV 2:14-7070<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS COPYRIGHT INFRINGEMENT<br>3. CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>4. CALIFORNIA ART PRESERVATION ACT (CAL.CIV.CODE § 987)<br><br>JURY TRIAL REQUESTED |

Plaintiff EDDIE COLLA ("COLLA " or "Plaintiff"), by and through his counsel Karish & Bjorgum, PC, hereby complains and alleges against Defendants ICANVASART; KROTO, INC., dba iCanvasArt and dba iCanvas, (collectively referred to as "iCanvasART"), GILT GROUPE, Inc. ("Gilt"), and DOES 1-10, inclusive (collectively, "Defendants"), on personal knowledge as to her own actions and on information and belief as to the actions of others, as follows:

## JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. This Court has jurisdiction over matters arising under the Copyright Act pursuant to 28 U.S.C. § 1331 (federal question actions) and 28 U.S.C. § 1338 (exclusive jurisdiction over copyright actions).

2.  Defendants are subject to the personal jurisdiction of this Court inasmuch as they are located in California or have purposefully availed themselves of the privileges of doing business in California with regard to the actions alleged herein, and such jurisdiction is reasonable. Specifically, Defendant iCanvasART, which claims to be "The #1 source for Canvas Wall Art & Custom Canvas Prints," is a manufacturer of consumer items and regularly ships merchandise into California, via a website available to and targeted at California residents. Defendant GILT GROUPE is a retailer of consumer items and regularly ships merchandise into California, via a website available to and targeted at California residents. It also regularly sends targeted advertisements into California, with options to purchase directly from the advertisement.

**3.**  As further alleged below, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) for the California-based Defendants, 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(b)(3). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims occurred in this

District, and under 28 U.S.C. §1400(a) in that it is a copyright case.

## PARTIES

4. Plaintiff EDDIE COLLA ("COLLA") is an individual residing in Alameda County, California. COLLA is an accomplished artist, working mainly in painting, graphic art and prints.

5. On information and belief, Defendant iCanvasART operates under Defendant KROTO, INC., an Illinois corporation with its principal place of business in Niles, Illinois. On information and belief, Defendants iCanvasART intentionally copies, distributes and sells infringing products that are sold in this District, either through other outlets or through subsidiary or related companies.

6. On information and belief, Defendant GILT GROUPE, INC. is a Delaware corporation with its principal place of business in New York, New York. On information and belief, GILT GROUPE, INC. intentionally designs, manufactures and distributes products that are sold in this District, either through other outlets or through subsidiary companies, and GILT regularly targets email advertising to residents of this District.

7. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by fictitious names. Plaintiff will seek leave of this court to amend this complaint when the status and identities of these defendants are ascertained.

8. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were agents of each other and were acting within the scope and authority of that agency and with knowledge, consent and approval of one another.

# GENERAL ALLEGATIONS

A. <u>Eddie Colla's Work</u>

9. Plaintiff EDDIE COLLA is a popular painter, graphic artist, print maker and street artist whose work has shown in galleries in San Francisco, New York, Los Angeles, Paris. His work has been published in books and featured in *The New York Times*, *The Los Angeles Times*, *The Chicago Tribune* and *The Huffington Post*. Colla has created street art in San Francisco, Oakland, Los Angeles, Edinburgh, Berlin, Texas and New York.

10. In recent years, street and graphic artists have become popular and collectible. Artists such as Shepard Fairey, Thierry Guetta ("Mr. Brainwash") and Banksy becoming well known cultural figures and commanding top prices for their work. Plaintiff COLLA is also considered among the top street contemporary street artists.

11. In 2013, COLLA created a visual work entitled "Ambition." He filed for a copyright registration on "Ambition" in May, 2013. The application is still under submission with the Copyright Office as case no. 1-936639110.

12. In February, 2013, COLLA learned that "Ambition" was being sold as a "Banksy" print by GILT. He contacted GILT, which responded that Defendant iCanvasART was the source of the print. GILT stated it had quit selling the print.

13. Later COLLA learned that the print was for sale again by Wal-Mart Stores, Inc., and that the print had been sourced from Wayfair, Inc. COLLA filed suit against Wal-Mart Stores, Inc. and Wayfair, Inc., who claimed the print was actually produced by a company called Art Wall. That case was filed in this Court as <u>Eddie Colla v. Wal-Mart Stores, Inc., Wayfair, Inc., *et al.*</u>, U.S.D.C. Cent. Dist. Cal. Case No. 2:14-cv-04111-PSG (CWx) (the "4111 case"). The parties are presently discussing resolution of that matter, which has been amicable for the most part.

14. During discussion for the <u>Wal-Mart</u> Case, counsel for COLLA inquired about the print previously sold by GILT / iCanvasART. Defendants in the pending case assured COLLA's counsel that they had no knowledge of the prior sales by GILT /

iCanvasART.  He has received no substantive response from iCanvasART about the pending case.

15.   The print was sold online by Defendant GILT.  The "Ambition" print was sold without the authorization of COLLA.  The entitled "No Permissions" and was credited to Banksy.  A screen shot showing the piece for sale is attached hereto as Exhibit A.  It retailed for $95 -- $169.

16.   COLLA contacted GILT, who referred him to iCanvasART.  On or about February 20, 2013, COLLA received an email from iCanvasART entitled "licensing opportunity" and asking to license his work.  The email concluded with an apology about the infringement, stating "[w]e were actually interested in licensing your work and created a portfolio for you, one of your images slipped by mistake into our submission of Banksy work for Gilt.com."

17.   However, in the '4111 Case, COLLA learned that producers and sellers of street art hold the mistaken belief that works by Banksy can be reproduced without permission or that street artists do not often claim rights in their work. On almost any website that sells street art, dubious copies of work by well-known street artists such as Hugh Leeman, El Mac, Above, Blek Le Rat and Dolk can be found.  While the defendants in the '4111 Case have been forthcoming with information, that sort of transparency appears to be a rare attribute in this industry.  COLLA was thus constrained to file the present case as a new matter.

18.   Defendants have the right and ability to supervise the conduct of one or all of each other's infringing activities and have a direct financial interest in one or all of each other's infringing activities.

19.   On information and belief, Defendants had knowledge of the infringing conduct of one or all of each other and materially contributed to, induced or caused the infringing activity of one or all of each other.

## FIRST CAUSE OF ACTION

(Copyright Infringement (17 U.S.C. § 501, *et seq.*) Against All Defendants)

20. Plaintiff realleges and reincorporates paragraphs 1- 19 above, as though set forth fully herein.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Plaintiff's work through, without limitation, public display of his work on the Internet, books and elsewhere, as well as through his profile as a well-known street artist.

22. Plaintiff is informed and believes and thereon alleges that Defendant iCanvasArt is a home goods manufacturer and that said Defendant has an ongoing relationship with other Defendants and either bought or supplied prints which featured unauthorized copies of Plaintiff's "Ambition" print.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Plaintiff's "Ambition" print and by producing, distributing and/or selling infringing copies through a network or retail stores or websites.

24. Defendants' infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from their infringing activities.

25. Plaintiff is informed and believes and thereon alleges that Defendants' infringing activities have continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

26. Defendants' infringement irreparably harms Plaintiff and leaves him without an adequate remedy at law, so that he is entitled to an injunction to halt any further infringing activity.

## SECOND CAUSE OF ACTION

(Vicarious Copyright Infringement Against All Defendants)

27. Plaintiff realleges and reincorporates paragraphs 1- 19 above, as though set forth fully herein.

28. Defendants, either alone or in concert, have vicariously infringed Plaintiff's copyrights. Plaintiff is informed and believes and thereon alleges that Defendants, either alone or in concert, had the right to supervise any infringing conduct and have a direct financial interest in the infringing activity. Alternatively, Defendants, either alone or in concert, profited from direct copyright infringement while declining to exercise their right to stop or limit it.

29. Defendants' vicarious infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from their vicarious infringement.

30. Plaintiff is informed and believes and thereon alleges that Defendants' vicarious infringement continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

31. Defendants' vicarious infringement irreparably harms Plaintiff and leaves her without an adequate remedy at law, so that she is entitled to an injunction to halt any further infringing activity

## THIRD CAUSE OF ACTION

(Contributory Copyright Infringement Against All Defendants)

32. Plaintiff realleges and reincorporates paragraphs 1 - 19 above, as though set forth fully herein.

33. Defendants, either alone or in concert, have contributorily infringed Plaintiff's copyrights. Plaintiff is informed and believes and thereon alleges that Defendants, or each of them, (i) had knowledge of each other's infringement and (ii) materially contributed to, caused or induced that infringement.

34. Defendants' contributory infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from their vicarious infringement.

35. Plaintiff is informed and believes and thereon alleges that Defendants' contributory infringement continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

36. Defendants' contributory infringement irreparably harms Plaintiff and leaves her without an adequate remedy at law, so that she is entitled to an injunction to halt any further infringing activity.

## FOURTH CAUSE OF ACTION

(California Art Preservation Action, Cal.Civ.Code § 987 -- Against All Defendants)

37. Plaintiff realleges and reincorporates paragraphs 1 - 19 above, as though set forth fully herein.

38. Defendants, either alone or in concert, have displayed Plaintiff's "Ambition" work and attributed it to Banksy. This violates the rights of attribution and paternity under the California Art Preservation Act ("CAPA"), codified at Cal.Civ.Code § 987.

39. CAPA provides for injunctive relief, actual damages and punitive damages in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

a. That the Court order Defendants to pay monetary damage to Plaintiff in an amount sufficient to compensate him for all damages resulting from the unauthorized copying, distribution and sale of his work, including, but not limited to, his lost sales and disgorgement of Defendants' profits, as well as damages for misattributing his work to

1  Banksy;

2      b.    That Defendants and their agents and servants all be enjoined from selling, distributing, or manufacturing items which infringe Plaintiff's copyrights on his work and from any unauthorized copying of any of Plaintiff's copyrighted work;

    c.    That Defendants and their agents and servants be enjoined from selling Plaintiff's works wrongly attributed to other artists;

    d.    That the Court find Defendants' violation of Plaintiff's rights of attribution be found to be willful, wanton and oppressive so that Plaintiff is entitled to punitive damages;

    e.    That Plaintiff be awarded prejudgment interest as allowed by law;

    f.    That Plaintiff be awarded his costs of this action; and

    g.    That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

DATED: September 10, 2014　　　　　　　KARISH & BJORGUM, PC

By: *(signature)*
A. Eric Bjorgum
Attorneys for Plaintiff
EDDIE COLLA

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby requests a trial by jury of all issues raised by its counterclaims which are properly triable to a jury.

Dated: September 10, 2014     Respectfully submitted,

By: _____
A. Eric Bjorgum
KARISH & BJORGUM PC
Attorneys for Plaintiff EDDIE COLLA